NO. 07-10-0367-CR

                                                         NO. 07-10-0368-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
13, 2011

 



 

CARLOS ENRIQUE VIGIL,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NOS. 57173-C & 57174-C; HONORABLE
ANA ESTEVEZ, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Carlos Enrique
Vigil (appellant)
appeals his convictions for aggravated sexual assault of a child and sexual
assault of a child, both offenses enhanced. 
Before us is appointed counsel’s motion to withdraw, together with an Anders[1]
brief, wherein he certified that, after diligently searching the record, he
concluded that the appeal was without merit. 
Along with his brief, appellate counsel filed a copy of a letter sent to
appellant informing him of counsel’s belief that there was no reversible error
and of appellant’s right to file a response pro se.  By letter dated May 4, 2011, this court also
notified appellant of his right to tender his own response and set June 3,
2011, as the deadline to do so.  To date,
no response has been filed.   

            In
compliance with the principles enunciated in Anders, appellate counsel
discussed two potential areas for appeal. 
They included 1) the sufficiency of the evidence, and 2) the cumulation of sentences. 
However, counsel then proceeded to explain why none of the issues
required reversal on appeal.

            In
addition, we conducted our own review of the record to assess the accuracy of
appellate counsel’s conclusions and to uncover any reversible error pursuant to
Stafford v. State, 813 S.W.2d 508 (Tex. Crim. App. 1991).  After doing so, we concur with those
conclusions.  

            Accordingly,
the motion to withdraw is granted, and the judgments are affirmed.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

Do not
publish.  

 

 

 











[1]See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). 








ence is relevant
beyond its character conformity value, he has ruled on the full extent of the
opponent's Rule 404(b) objection.   Id.  

            The
opponent must then make a further objection based on Rule 403, in order for the
trial judge to weigh the probative and prejudicial value of the evidence.  Id. 
To exclude extraneous offense evidence under Rule 403, the opponent must
specifically request a Rule 403 ruling.   
See Montgomery, 810 S.W.2d at 388.


            In
the case before the court, appellant’s trial counsel did further object to the
admission of the evidence under Rule  403. 
As in the Rule 404(b) arena, we will again apply an abuse of discretion
standard in analyzing the trial court’s decision to admit this evidence over a
Rule 403 objection.  See Montgomery,
810 S.W.2d at 391. 
In conducting the balancing test regarding admissibility, the trial
court must balance 1) the inherent probative force of the proffered item of
evidence along with 2) the proponent’s need for that evidence against 3) any
tendency of the evidence to suggest decision on an improper basis, 4) any
tendency of the evidence to confuse or distract the jury from the main issue,
5) any tendency of the evidence to be given undue weight by a jury that has not
been equipped to evaluate the probative force of the evidence, and 6) the
likelihood that presentation of the evidence will consume an inordinate amount
of time or repeat evidence already admitted. 
See  Casey
v. State, 215 S.W.3d 870, 880 (Tex.Crim.App.
2007).

Rule 404(b)

            Initially
appellant contends that the photographs and written materials admitted by the
court were inadmissible under Rule 404(b) because they only demonstrated
character conformity.  Rule 404(b);  Santellan,
939 S.W.2d at 169.  However, the record
reveals that during voir dire, opening statements,
questioning of witnesses and closing arguments, appellant’s trial counsel
consistently pounded on one theme.  That
theme was that, there was no evidence produced, or that could be produced,
concerning the age of the person depicted in State’s exhibits 9 and 10.  One of the reasons that extraneous offense
material may be admitted is to rebut a defensive theory put forth by the
defendant.  Id.  The extraneous pictures and stories were
almost totally pictures of young children or stories about young children.  This supports the State’s theory that
appellant knew exactly what he had in his possession and the extraneous pictures
and stories are admissible for that reason. 
Id.  Additionally, the
State was required to prove that appellant possessed the offending pictures
intentionally or knowingly.  See Tex. Penal Code Ann. § 43.26(a) (Vernon 2003).[3]  A person acts intentionally when it is
conscious objective or desire to engage in the conduct or cause the
result.  § 6.03(a).  A person acts knowingly when he is aware of
the nature of his conduct or that the circumstances exist, or when he is aware
that his conduct is reasonably certain to cause the result.  § 6.03(b). 
Normally, the culpable mental state required by a penal statute is
proven by circumstantial evidence.  See
Krause v. State, 243 S.W.3d 95, 111 (Tex.App.--Houston
[1st Dist.] 2007, pet. ref’d).  If appellant is, via his argument at the
trial court, claiming a lack of intent to possess or lack of knowledge that the
materials possessed were child pornography, then these are avenues for the
admission of the extraneous materials.  See Johnson v. State, 932 S.W.2d 296, 302 (Tex.App.--Austin 1996, pet. ref’d).  The possession of similar type of material,
the pictures of children, the child “erotica” or “anime,” and the handwritten
stories about children, are circumstances the jury was entitled to consider as
circumstantial evidence to show intent. 
Therefore, we rule that the extraneous pictures were admissible as
exceptions under Rule 404(b). 
Appellant’s issue is overruled.  

Rule 403  

            However,
this does not end the inquiry.  We must
now consider whether or not the evidence although relevant and, therefore,
admissible, should have been disallowed due to the probative value of the
evidence being substantially outweighed by the danger of unfair prejudice.  Rule 403.  There is a presumption that evidence which is
deemed to be relevant is admissible.  See
Casey, 215 S.W.3d at 879.  Further, “‘probative value’ refers to the
inherent probative force of an item of evidence-that is, how strongly it serves
to make more or less probable the existence of a fact of consequence to the
litigation-coupled with the proponent’s need for that item of evidence.”  Id. 
Unfair prejudice refers not to the fact that the evidence injures a
party’s case or position, as virtually all evidence offered by one party will
prejudice the opponent’s case or position. 
Id. at 883.  Evidence is unfairly prejudicial when it
tends to have some adverse effect upon the defendant beyond tending to prove
the fact or issue that justifies its admission into evidence.  Id. 

            In
analyzing the current case, the first matter is the inherent probative force of
the evidence.  Id.
at 879.  The various pictures of
children, the child “erotica” and “anime,” and the handwritten stories were highly
probative of the fact that appellant had a fascination or preoccupation with
children.  Appellant’s defensive theory
was the lack of proof of the very issue these items tended to prove.  Therefore, the probative force of the
evidence in question is significant. 
Next, the proponent’s need for the evidence must be examined. Id. at 888.  As
pointed out previously, appellant’s trial position was that the State could
offer no proof that the pictures actually portrayed children.  Therefore, appellant’s knowledge
of, and preoccupation with, pictures of children, both those that might be
termed pornographic and otherwise, was critical to proving the State’s case.  This consideration would heavily favor
admission of the evidence.  From the
aspect of the subject matter of the trial, the evidence in question did not
distract the jury from their main inquiry, nor, did the evidence create a
situation where the jury would give undue credence to this evidence.  Id. 
This is because the evidence appellant complains of was much less
graphic and disturbing than the pictures for which he was indicted.  These factors favor admission of the
evidence.  Although the evidence in
question took some time to introduce, especially when compared to introduction
of the two photos charged in the indictment, the time did not seem to be
inordinate.  In the worst case situation,
the time factor should be considered neutral.  
Whereas the trial judge did not announce the results of his balancing
test, he is not required to do so.  See
Williams v. State, 958 S.W.2d 186, 195 (Tex.Crim.App. 1997). 
When a judge rules to admit evidence in face of a Rule 403 objection, he
is presumed to have made the required balancing test.  Id.

            There
were some pictures that contained adult pornographic material.  These pictures were seized at the same time
as the pornographic pictures of children, child anime or erotica, and the
handwritten stories.  The State contends
that the adult pornographic material must be considered same transaction
contextual evidence.  See Delgado
v. State, 235 S.W.3d 244, 253 (Tex.Crim.App.
2007).  We need not address the adult
pornography because, taking all of the information as
a whole, the introduction of the evidence was harmless beyond a reasonable
doubt.  This is so because the trial
court’s error, if any, in admitting the evidence made no contribution to the
guilty verdict or punishment in this case. 
See Pondexter v. State, 942 S.W.2d 577, 585 (Tex.Crim.App.
1996).

            Based
upon our review of the record and analysis of the evidence in question, we
cannot say that the trial court abused its discretion when it admitted the
contested items.  Accordingly,
appellant’s issue regarding the Rule 403 objection is overruled.

Conclusion

            Having
overruled appellant’s issue, the trial court’s judgment is affirmed.

            

                                                                                    Mackey
K. Hancock                                                                                                                                     Justice

Do not publish.    

 











[1] See Texas
Penal Code Ann. § 43.26(a) (Vernon 2003).





[2] Further reference to the Texas Rules of Evidence will
be by reference to “Rule ___” or “rule ___.”





[3] Further reference to the Texas Penal Code will be by
reference to “§ ___.”